[Civ. No. 4625.   Third Appellate District.—January 27, 1933.]

LEONARD PIRRONE, Appellant, v. GEORGE W. PRICKETT et al., Respondents.

Albert Picard, Griffin & Boone and Chester J. Keith for Appellant.

Dennett & Zion for Respondents.

PULLEN, P. J.—Motion to dismiss an appeal for failure of appellant to file points and authorities within the time provided by the rules of the court.

The transcript was filed in this court January 25, 1932. The time within which to file points and authorities was by stipulation extended from time to time until August 15, 1932. On November 26th, notice of motion to dismiss the pending appeal was served upon appellants, fixing December 27, 1932, as the time for the presentation of said motion. The hearing thereof was by the court continued to January 3, 1933. On December 31, 1932, appellant, without stipulation or order of court, and approximately four months after the expiration of the last stipulation entered into between counsel, filed his points and authorities. The rules prescribed by the Supreme Court and Judicial Council of the state of California for the government of this court provide: ''Within thirty days after the filing of the transcript, the appellant shall file with the clerk his printed points and authorities, with proof of the service of one copy thereof upon the attorney or attorneys of each respondent who shall have appeared separately in the superior court.'' (Sec. 4 of Rule I.)

Section 1 of Rule V provides: ''If the transcript of the record or appellant's points and authorities be not filed within the time prescribed, the appeal may be dismissed, upon notice given, either on motion of the respondent or of the court in which the appeal is pending. If the transcript, or the points and authorities, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion.''

Not only were the points and authorities not on file at the time the notice to dismiss was given but they were not on file at the time the motion was originally noticed to be heard, and were not filed until three days prior to the time to which the motion was postponed.

Under the rules the time for filing of points and authorities could be extended only upon an order therefor, based upon either a stipulation or an affidavit. There was here no order or any stipulation or affidavit on file, and no showing of any reason why there had been no compliance with the rules of the court.

Appellant has shown no reason why the motion to dismiss should not be granted, and in accordance with the rules of the court heretofore stated, the motion is granted and the appeal dismissed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 25, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 27, 1933.